6/26 05

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BEVERLY FORDE                          :
    Petitioner,                    :          Civil No. : 3:03CV1424(EBB)(JGM)
                                       :
        v.                      :
                                       :
WILLIAM WILLIINGHAM, Warden            :
FCI Danbury,                           :          June 23, 2006
        Respondent.              :

## DEFENDANT'S RULE 56 STATEMENT OF UNDISPUTED FACTS

      Pursuant to Local Rule 56(a)(1), the Defendant submits the following statement

of material facts which are not in dispute and which support the Defendant's Motion for

Summary Judgment:

1.      Beverly Forde ("Petitioner"), Reg. No. 08698-018,  has been incarcerated at the

        Federal Correctional Institution, Danbury, Connecticut ("FCI Danbury") since

        April 3, 1996. Document 1j, Public Information Data for Inmate Beverly Forde,

        Reg. No. 08698-018, p. 2.[1] On February 19, 1993, Petitioner was sentenced in

        the United States District Court for the Eastern District of Virginia to a life

        imprisonment for Conspiracy Possess with Intent to Distribute 50 Grams or More

        of "Crack" (Schedule II), violation of 21 U.S.C. §846, and Continuing Criminal

        Enterprise, violation of 21 U.S.C. §848. Document 1a, Judgment in a Criminal

        Case, dated February 19, 1993. On February 27, 1998, Petitioner was

---

      [1]Document 1 refers to the Declaration of Federal Medical Center, Devens, Massachusetts, Attorney Advisor Ann H. Zgrodnik, which was attached to the October 7, 2005, Memorandum in Support of Respondent's Motion to Dismiss, Docket Number 31, Attachment Number 1, and further attachments thereto.

resentenced in the United States District Court for the District of Eastern Virginia to a 360-month term of incarceration with a five (5) year term of supervised release to follow for Continuing Criminal Enterprise, violation of 21 U.S.C. §848. Document 1b, Judgment in a Criminal Case on Resentencing, dated February 27, 1998. If Petitioner is granted all Good Conduct Time, available to her under 18 U.S.C. § 3624(b), her projected satisfaction date is October 22, 2018. Document 1c, Public Information Data for Inmate Beverly Forde, Reg. No. 08698-018, p. 6.

2.    On November 26, 2002, Petitioner filed a Request for Administrative Remedy at FCI Danbury requesting the services of an Imam, or male Islamic religious leader, and that special purchase orders for religious items be filled by FCI Danbury's Pastoral Care services. Document 1d, Request for Administrative Remedy and Response. The Petitioner's request was partially granted by Warden Kuma Deboo on December 24, 2002. Id. Warden Deboo stated that FCI Danbury was in the process of searching for a contract Imam to assist with Friday *Jumah* prayer and that religious items could be purchased through the Chapel Catalogue of Interfaith Religious Items. Id.

3.    On or about January 6, 2003, Petitioner appealed the Warden's decision regarding the Administrative Remedy to the Northeast Regional Director of the Federal Bureau of Prisons. Document 1e, Regional Administrative Remedy Appeal and Response. On February 4, 2003, Regional Director M.E. Ray responded to Petitioner's appeal that there was no evidence that she was being denied the ability to practice her religion. Id.

2

4.    On March 13, 2003, Petitioner filed a Central Office Administrative Remedy
      Appeal to the National Inmate Appeals Administrator challenging the Regional
      Director's Response. Document 1f, Central Office Administrative Remedy Appeal
      and Response. On May 2, 2003, Administrator of National Appeals Herrell Watts
      denied Petitioner's appeal, stating that FCI Danbury provided Petitioner with
      reasonable means to practice her religion. Id.

5.    During all relevant time periods referenced in the complaint, FCI Danbury
      allowed inmates freedom of religion.

6.    On November 11, 2004, Petitioner filed a Request for Administrative Remedy
      grieving FCI Danbury's policy of requiring inmates to remove any head covering,
      including religious head covering, for photo identification card purposes.
      Document 1g, Request for Administrative Remedy and Response. Petitioner
      requested to be photographed wearing her *hijab*. Id. She also requested to be
      exempted from FCI Danbury's cross-gender pat search policy. Id. On December
      3, 2004, Warden William Willingham denied Petitioner's Request for
      Administrative Remedy, citing Program Statements concerning pat searches and
      identification photographs. Id.

7.    Between December 3, 2004, and January 19, 2005, Petitioner appealed the
      Warden's decision regarding the Administrative Remedy to the Northeast
      Regional Director of the Federal Bureau of Prisons. Document 1h, Regional
      Administrative Appeal and Response. On January 19, 2005, Regional Director D.
      Scott Dodrill denied the Petitioner's appeal. Id.

8.    On February 8, 2005, Petitioner filed a Central Office Administrative Remedy

3

Appeal to the National Inmate Appeals Administrator challenging the Regional Director's Response. Document 1i, Central Office Administrative Remedy Appeal and Response. On April 20, 2005, Administrator of National Inmate Appeals Herrell Watts denied the Petitioner's appeal. Id.

9.     A valid penalogical purpose is served by having identification pictures taken while inmates are not wearing headcoverings.

10.    Cross-gender pat searches irrespective of the gender of the searcher or the inmate serve a valid pedagogical purpose.

11.    On October 7, 2004, Petitioner was placed in Administrative Detention. Document 1l, Administrative Detention Order, dated October 7, 2004, and Document 1m, Inmate History Quarters for Inmate Beverly Forde, Reg. No. 08698-018, pg. 1. Petitioner was placed in Administrative Detention for refusing to submit to a cross-gender search. Petition for a Writ of Habeas Corpus at ¶ 38.

12.    Federal Bureau of Prisons Program Statement 5521.05 states that "staff may conduct a pat search of an inmate on a routine or random basis to control contraband." Document 1o; U.S. Department of Justice, Federal Bureau of Prisons Program Statement, Searches of Housing Units, Inmates and Inmate Work Areas, 5521.05 § 6, June 30, 1997.

13.    Federal Bureau of Prisons Program Statement 5800.12 states that "[i]dentification photographs are to be taken full face front, eyes open, without glasses or head coverings." Document 1q, U.S. Department of Justice, Federal Bureau of Prisons Program Statement 5800.12, Receiving and Discharge Manual, § 221, December 31,1997.

4

14.     Federal Bureau of Prisons Program Statement 5360.09 states that "[t]he Bureau

         of Prisons provides inmates of all faith groups with reasonable and equitable

         opportunities to pursue religious beliefs and practices, within the constraints of

         budgetary limitations and consistent with the security and orderly running of the

         institution and the Bureau of Prisons. Document 2a [2]; U.S. Department of

         Justice, Federal Bureau of Prisons Program Statement 5360.09, Religious

         Beliefs and Practices, § 1,  December 31, 2004. The Program Statement

         5360.09 also allows for the "institution's chaplain to contract with representatives

         of faith groups in the community to provide specific religious services which the

         chaplain cannot personally deliver due to, ordinarily, religious prescriptions or

         ecclesiastical constraints to which the chaplain adheres." Id. at § 12. The

         volunteer or contractor must be credentialed and meet institution security

         requirements. Document 2, Declaration of Anne Marie Raftery at ¶ 4.

15.     FCI Danbury presently has an inmate population of approximately 1,400

         inmates. Document 2, Declaration of Anne Marie Raftery at ¶ 5. There are

         currently twelve (12) religious faith groups at FCI Danbury. Id. Each faith group is

         given at least one hour per week in the Chapel and one hour of study per week

         in the Chapel. Id. There are approximately 15-20 practicing Muslim inmates at

         FCI Danbury. Id.

16.     From 1996 to 2000, FCI Danbury had a paid contract with an Imam to lead

_____

         [2]Document 2 refers to the Declaration of FCI Danbury Supervisory Chaplain
Anne Marie Raftery, which was attached to the October 7, 2005, Memorandum in
Support of Respondent's Motion to Dismiss, Docket Number 31, Attachment Number
21 and further attachments thereto.

Friday *Jumah* prayer. Document 2, Declaration of Anne Marie Raftery at ¶ 6.
Between the year 2000 and the date of Chaplain Raftery's Declaration, October
5, 2005, FCI Danbury's search to hire a qualified Imam to lead Friday *Jumah*
prayer was unsuccessful. Id. At that time, a search revealed that there was no
Imam available in the greater Danbury Muslim community. Id.

17.     Through contact with a local Mosque, FCI Danbury hired a guest Imam to
provide weekly prayer, study and discussion sessions during the Saturday
mornings of the 2004 Ramadan season. Document 2, Declaration of Anne Marie
Raftery at ¶ 6. The guest Imam was visiting the Danbury area from the United
Kingdom. Id. As of the October 2005 Declaration of Chaplain Raftery, the same
arrangements had been made for the 2005 Ramadan season. Id.

18.     Chaplain Raftery, in addition to searching for a local Imam, contacted a
Professor from the Islamic Theology Seminary in Hartford, Connecticut, to see
about arranging for male Islamic students to lead *Jumah* prayer at FCI Danbury
on Friday afternoons. Document 2, Declaration of Anne Marie Raftery at ¶ 7. No
students were found to be able to lead the *Jumah* prayer. Id. Chaplain Raftery
also made contacts with a Muslim leader from New York, but no suitable
arrangements could be made. Id. As of Chaplain Raftery's October 2005
Declaration, she was still open to discuss possible arrangements with the Muslim
leader from New York. Id.

19.     The following religious services are currently available to Muslim inmates
incarcerated at FCI Danbury:

6

1.   Weekly *Jumah* prayer is led my inmates and or female Muslim volunteers on Friday afternoons. Document 2, Declaration of Anne Marie Raftery at ¶ 8(a). In July and August, 2005, a male Muslim volunteer led *Jumah* prayer on Fridays at FCI Danbury. Id. It is expected that the male Muslim volunteer will return to FCI Danbury periodically in the future. Id.

2.   Weekly *Taleem/Qur'anic* study is led by female Muslim volunteers on Friday afternoons and Saturday mornings. Document 2, Declaration of Anne Marie Raftery at ¶ 8(b). An additional *Taleem/Qur'anic* study is led by a community female Muslim volunteer on the second Saturday of every month. Id.

3.   From 1997 to the present, FCI Danbury has had two community Muslim female volunteers visit the institution weekly to teach *Qur'anic* study and basic Arabic. Document 2, Declaration of Anne Marie Raftery at ¶ 8(c).

4.   From 2000 to the present, FCI Danbury has had a practicing and knowledgeable male Muslim serve as a resource on practical Islamic issues. Document 2, Declaration of Anne Marie Raftery at ¶ 8(d).

5.   In August 2005, a third female volunteer visited FCI Danbury to assist Muslim inmates in leading the video-taped *Qur'anic* studies. Document 2, Declaration of Anne Marie Raftery at ¶ 8(e). As of Chaplain Raftery's October 2005 Declaration, it was expected that she would begin serving regularly at FCI Danbury very shortly. Id.

6.   In August 2005, the Bureau of Prisons Supervisory Chaplain at FCI Fort

7

Dix, New Jersey, who is an Imam, visited FCI Danbury. Document 2, Declaration of Anne Marie Raftery at ¶ 8(f). He assisted FCI Danbury and Federal Prison Camp Muslim inmates and  in prayer, study and discussion. Id. He is due to visit every quarter. Id.

7.    A series of Islamic books, magazines, video and cassette tapes on the teachings of the basic tenets of Islam are available to Muslim inmates on an individual basis. Document 2, Declaration of Anne Marie Raftery at ¶ 8(g).

Respectfully submitted,

UNITED STATES ATTORNEY
KEVIN J. O'CONNOR

JOHN B. HUGHES
ASSISTANT U.S. ATTORNEY
CHIEF, CIVIL DIVISION

ALAN MARC SOLOWAY
ASSISTANT U.S. ATTORNEY
PO BOX 1824
NEW HAVEN, CT 06508
(203) 821-3700
FEDERAL BAR NO. ct01581

Brianne Weiss
Law Student Intern
Indiana University

8

CERTIFICATION

This is to certify that a copy of the within and foregoing Rule 56 Statement was

sent via postage prepaid first-class mail, this 23rd day of June, 2006 to:

Brett Dignam
Jerome N. Frank Legal Services Organization
Yale Law School
PO Box 209090
New Haven, CT 06520-9090

Giovanna E. Shay
Jerome N. Frank Legal Services Organization
Yale Law School
PO Box 209090
New Haven, CT 06520-9090

J. Livingston Pottenger
Jerome N. Frank Legal Services Organization
Yale Law School
PO Box 209090
New Haven, CT 06520-9090

ALAN MARC SOLOWAY

9